Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BLUE CASTLE (CAYMAN) LTD,

                                      Plaintiff,

                -against-

AYOTUNDE GIWA A/K/A AYOTUNDE M. GIWA,
POINT SECURITIZATION TRUST 2021-1 C/O
WILMINGTON SAVINGS FUND SOCIETY, FSB,
NEW YORK CITY PARKING VIOLATIONS BUREAU,
                                                Defendant(s).
-------------------------------------------------------------------------X

VERIFIED COMPLAINT

      Plaintiff, Blue Castle (Cayman) Ltd. ("Blue Castle" or "Plaintiff"), by and through its attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Ayotunde Giwa a/k/a Ayotunde M. Giwa ("Ayotunde Giwa"), Point Securitization Trust 2021-1 c/o Wilmington Savings Fund Society, FSB, as owner, and New York City Parking Violations Bureau (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a Consolidation, Extension and Modification Agreement (the "Consolidated Mortgage") encumbering the property commonly known as 207 Lexington Avenue, Brooklyn, New York 11216 known on the Kings County Tax Map

as Block: 1797 Lot: 106 in the County of Kings and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Blue Castle is a corporation organized under the laws of the Cayman Islands with its principal place of business located at 1688 Meridian Avenue, 6th Floor, Miami Beach, Florida 33139. For the purposes of diversity, Blue Castle is a citizen of the Cayman Islands and the State of Florida.

3. Ayotunde Giwa, upon information and belief, is a resident and citizen of the State of New York, having an address at, 207 Lexington Avenue, Brooklyn, New York 11216. Ayotunde Giwa is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Consolidated Note and Consolidated Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Consolidated Mortgage.

4. Point Securitization Trust 2021-1 c/o Wilmington Savings Fund Society, FSB, as owner, upon information and belief, is a banking institution, having an address at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801. For purposes of diversity jurisdiction, it is a citizen of Delaware. It is a necessary party defendant to this action because it owns a subordinate Mortgage in the amount of $85,000.00 made by Ayotunde Giwa on September 23, 2021 and recorded in CRFN: 2022000269959 on July 7, 2022 in of Kings County Clerk's Office, which Mortgage is subordinate to Plaintiff's Mortgage. See Mortgage at Exhibit "G".

5. New York City Parking Violations Bureau upon information and belief, is an administrative tribunal of the City of New York, located at 100 Church Street, New York, NY 10007. For purposes of diversity jurisdiction, it is a citizen of New York State. It is a necessary party

defendant to this action because it is a judgment creditor by virtue of New York City Parking Violations Bureau judgments filed against the borrower and/or property, which are subordinate to Plaintiff's Mortgage. See judgments at Exhibit "G".

6. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

9. This action is brought to foreclose a Consolidated Mortgage as set out as follows:

A. Mortgage dated March 31, 2004, made by Ayotunde Giwa to Washington Mutual Bank, FA to secure the sum of $395,275.00 and interest, recorded in CRFN 2004000339176 in the Kings County Clerk's Office on June 2, 2004 ("Mortgage A");

   a. Said Mortgage was assigned to JPMorgan Chase Bank, N.A. by assignment dated November 28, 2012, recorded in Kings County Clerk's Office on December 10, 2012 in CRFN: 201200048707;

B. Mortgage dated July 2, 2015, made by Ayotunde Giwa to JPMorgan Chase Bank, N.A. to secure the sum of $117,844.01 and interest, recorded in CRFN 2015000245459 in the Kings County Clerk's Office on July 16, 2015; said Mortgage was consolidated with Mortgage A to form a single lien in the amount of $483,000.00 by agreement made by Ayotunde Giwa with JPMorgan Chase Bank, N.A dated July 2, 2015, recorded in the Kings County Clerk's Office on July 16, 2015 in CRFN: 201500025460 ("Mortgage B");

   a. Mortgage B, as consolidated, was assigned to Quicken Loans, Inc. by assignment dated February 26, 2016, recorded in Kings County Clerk's Office on April 14, 2016 in CRFN: 2016000130376. Thereafter Mortgage B was assigned to MERS as nominee for Quicken Loans, Inc. by assignment dated April 4, 2016, recorded in the Kings County Clerk's Office on April 14, 2016 in CRFN: 2016000130377; and

C. Mortgage dated March 24, 2016, made by Ayotunde Giwa to MERS as nominee for Quicken Loans, Inc., in the principal amount $123,102.76 and interest, recorded in the Kings County Clerk's Office on April 14, 2016 in CRFN: 2016000130378; said Mortgage was consolidated with Mortgage B to form a single lien in the amount of $601,600.00 ("Mortgage C");

   a. Mortgage C, as consolidated, was assigned to Amalgamated Bank by assignment dated October 6, 2016, recorded in the Kings County Clerk's Office on October 25, 2016 in CRFN: 2016000377015; and

D. Mortgage dated October 14, 2016, made by Ayotunde Giwa to Amalgamated Bank in the principal amount of $101,890.76 and interest, recorded in the Kings County Clerk's Office on October 25, 2016, in CRFN: 2016000377014; which Mortgage was consolidated with Mortgage C to form a single lien in the amount of $700,00.00 Consolidation and Extension

dated October 14, 2016, recorded in the Kings County Clerk's Office on October 25, 2016 in CRFN: 2016000377016 (the "Consolidated Mortgage"). A copy of the Consolidated Mortgage is annexed hereto as Exhibit "B".

10. On October 14, 2016, Ayotunde Giwa executed and delivered a Consolidated Note to Amalgamated Bank in the amount of $700,000.00 (the "Consolidated Note"). The Consolidated Note was subsequently transferred by the affixation of a proper Allonge to the Note. A copy of the Consolidated Note with Allonge is annexed as Exhibit "C".

11. On or about November 3, 2020, Ayotunde Giwa entered into a written Loan Modification Agreement with Plaintiff's predecessor-in-interest, which was recorded on March 24, 2021 in the Kings County Clerk's Office as CRFN: 2021000107884, whereby Ayotunde Giwa reaffirmed his obligations under loan documents and in which the unpaid principal balance was modified to the amount of $676,452.97 (the "Modification Agreement"). The terms of the repayment were also modified. A copy of the Modification Agreement is annexed hereto as Exhibit "D".

12. The Consolidated Mortgage was assigned by Assignments of Mortgage as follows:

   a. **Assignor:** Amalgamated Bank
      **Assignee:** Mortgage Electronic Registration Systems Inc. as nominee for Amalgamated Bank
      **Dated:** February 1, 2023, **Recorded:** March 20, 2023
      CRFN: 2023000069877

   b. **Assignor:** Mortgage Electronic Registration Systems Inc. as nominee for Amalgamated Bank
      **Assignee:** Blue Castle (Cayman) LTD.
      **Dated:** February 14, 2023, **Recorded:** March 20, 2023
      CRFN: 2023000069876

   Copies of the Assignments of the Consolidated Mortgage are annexed hereto as Exhibit "E", respectively.

13. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

14. Plaintiff is in physical possession and is the owner and holder of said original Consolidated Note and Consolidated Mortgage.

15. Ayotunde Giwa has failed to comply with the terms and provisions of the said Consolidated Mortgage and said instruments secured by the Consolidated Mortgage, by failing to pay the July 1, 2022, payment and all subsequent payments, and the default continues to date.

16. Plaintiff has complied with the contractual provisions in the loan documents in that a Default Notice to cure was issued on January 18, 2023 to Ayotunde Giwa (the "Default Notice") advising of possible acceleration of the loan and that by virtue of his continuing default under the Consolidated Note and Consolidated Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The CFPB Reg. F Validation Notice was issued on January 18, 2023 to Ayotunde Giwa (the "Validation Notice"). The 90-day notice provided by RPAPL §1304(1) (the "90 Day Notice") was issued on January 18, 2023 to Ayotunde Giwa. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice, Validation Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "F".

17. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

18. Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

19. As of the date herein, Ayotunde Giwa has failed to respond to the Default Notice and the 90 Day Notice.

20. Due to the above-described default, Defendant Ayotunde Giwa is indebted to Plaintiff pursuant to the terms of the Consolidate Note and Consolidated Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of February 4, 2023, amounts to $671,409.87:

   b. Attorney's fees and other costs and disbursements, payable to Blue Castle (Cayman) Ltd. under the terms of the Consolidated Note, which will accrue until the amount due and payable under the Consolidated Note is paid in full; and

   c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Consolidated Note and Consolidated Mortgage are paid in full.

21. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.

   b. Any state of facts that an accurate survey of the premises would show.

   c. Covenants, restrictions, easements and public utility agreements of record, if any.

   d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

   e. Any right of tenants or person in possession of the subject premises.

   f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

   g. Prior lien(s) of record, if any.

22. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

23. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Consolidated Mortgage or for recovery of the said sum secured by said Consolidated Note and Consolidated Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Consolidated Note and Consolidated Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Consolidated Note

and Consolidated Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Ayotunde Giwa may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the

premises, as may be just and equitable.

Dated: April 26, 2023
       Syosset, New York

                                    Yours, etc.
                                    By: /s/ Alan H. Weinreb
                                          Alan H. Weinreb, Esq.
                                          Margolin, Weinreb & Nierer, LLP

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: April 26, 2023
Syosset, New York

 /s/ Alan H. Weinreb
**ALAN H. WEINREB**